IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

Case No. 10-10072-EFM

PATRICK GALINDO,

    *Defendant*.

**MEMORANDUM AND ORDER**

In 2011, defendant Patrick Galindo pleaded guilty to distribution of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A), and the court imposed a ten-year term of imprisonment, followed by a five-year term of supervised release.[1] Galindo was released to supervision in March 2019, but less than a year later the Probation Office petitioned to revoke the release for numerous alleged violations of the conditions of his release, including unlawful possession and use of methamphetamine.[2]

The court revoked the term of supervised release on December 2, 2020, and imposed a 24-month term of imprisonment, followed by a 4-year term of supervised

---

[1] Dkt. 52, at 2-3.

[2] Dkt. 58.

release. The court imposed a term of imprisonment above the policy statement recommendation of the United States Sentencing Guidelines,[3] based not only on defendant's unlawful possession of drugs, but also his overall course of conduct, the breadth of violations, and his obstructive behavior while on supervision.[4] As special conditions of supervision, the court required Galindo to make regular child support payments, successfully complete a substance abuse program, participate in a cognitive behavioral program, participate in mental health treatment and take any mental health medications prescribed by his treating physician.[5]

The defendant appealed the Revocation Judgment to the Tenth Circuit, raising only a single issue—asking that medication requirement be removed. During the appeal, the parties jointly moved for remand, asking the Tenth Circuit "to remand this appeal to the district court solely to strike the forced-medication condition of supervised release from the judgment," citing *United States v. Malone*, 937 F.3d 1325 (10th Cir. 2009).[6] The Tenth Circuit granted the motion in part, stating: "This proceeding is REMANDED to the district court to conduct further proceedings in light of the parties' joint motion and this court's ruling in *Malone*." *Id*.

---

[3] U.S.S.G. § 7B1.4(a).

[4] Nov. 30, 2020 Hearing Transcript, Dkt. 95, at 22.

[5] Dkt. at 86, at 6.

[6] Dkt. 97, at 1. In *Malone*, the Tenth Circuit held that a medication condition should be imposed only in compelling circumstances.

The parties dispute the effect of this order and the correct application of the mandate rule. Galindo contends that the directive is a general remand, and requests a resentencing which reduces the term of his imprisonment, based upon an alleged assault by prison staff while he was incarcerated in Texas.[7] The government contends that the remand was limited, and does not authorize the court to consider matters beyond the removal of the medication condition.

Following a remand, the district court "shall resentence a defendant in accordance with [18 U.S.C. §] 3553 and with such instructions as may have been given by the court of appeals."[8] The mandate rule "provides that a district court must comply strictly with the mandate rendered by the reviewing court."[9] A remand may be general or limited. A general remand allows the district court "discretion to expand the resentencing beyond the sentencing error causing the reversal."[10] There is a presumption that a remand is general in nature.[11]

---

[7] On April 10, 2020, Galindo filed a civil rights action in the Northern District of Texas, alleging two incidents of assaults by guards at FCI Seagoville. *Galindo v. United States*, No. 3:20-cv-837 (N.D. Tex.)

[8] 18 U.S.C. § 3742(g).

[9] *Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1520-21 (10th Cir. 1997) (internal quotation omitted). The parties agree that the mandate rule rather than the law of the case doctrine governs the issue. (Dkt. 102, at 7; 103 at 2).

[10] *United States v. West*, 646 F.3d 745, 749 (10th Cir. 2011).

[11] *Id*. at 750 ("the default in this circuit is *de novo* resentencing").

The court finds that the remand was limited in nature. The Tenth Circuit directed the court "to conduct further proceedings *in light of* the parties' *joint motion* and *this court's ruling in* Malone." (Emphasis added). In general, "[a] vacation of judgment for consideration in light of a particular decision is much more limited in nature than a general vacation by an appellate court[.]"[12] Moreover, the remand here was made in light of a precedent in which the remand was expressly restricted to a "clerical amendment of the judgment" to remove the medication requirement, with the provision that "no resentencing may take place."[13] In addition to *Malone*, the remand is made "in light of" the joint motion of the parties. In that motion, the parties had asked for "remand for clerical amendment of the judgment" to remove the medication condition, and asked that "no resentencing may take place."[14]

The remand here was limited to the imposition of the medication condition, and the court does not have the discretion to address matters beyond that condition. In addition, as noted earlier, the *only* issue raised by the defendant on appeal was the special medication condition; he did not contest the reasonableness of the term of imprisonment. The mandate rule also limits the reconsideration of issues which were not presented on appeal:

---

[12] *United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003) (internal quotations and citations omitted).

[13] *Malone*, 937 F.3d at 1329.

[14] Dkt. 102-1, at 3.

4

> Failing to raise an issue on appeal, or abandoning an issue that was initially raised, has the same consequences for that litigation as an adverse appellate ruling on that issue. Thus, the mandate rule applies not only to issues on which the higher court has ruled but also "forecloses litigation of issues decided by the district court but [forgone] on appeal or otherwise waived." *Doe v. Chao*, 511 F.3d 461, 466 (4th Cir. 2007) (internal quotation marks omitted); *see United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded."); *id.* at 251 ("Parties cannot use the accident of remand as an opportunity to reopen waived issues." (brackets and internal quotation marks omitted)).

*Estate of Cummings by and through Montoya v. Community Health Sys.*, 881 F.3d 79, 801 (10th Cir. 2018).

"[E]ven under a general remand, a party cannot raise claims it could have raised in a prior appellate proceeding."[15] Thus, even if the remand was general in nature, the defendant's failure to challenge the reasonableness of the term of imprisonment on appeal constitutes a waiver, and precludes reconsideration of the issue now.

The only remaining question is whether an exception to the mandate rule might nevertheless allow for a resentencing. "A district court may deviate from the mandate rule under exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from the prior sentencing decision would result in serious injustice if uncorrected."[16]  Here, Galindo relies on the

---

[15] *United States v. Mitchell, 232 F. App'x 513, 517 (6th Cir. 2007) (citing United States v. McKinley, 227 F.3d 716, 718 (6th Cir.* 2000).

[16] *United States v. Webb*, 98 F.3d 585, 587 (citation and internal quotation omitted).

5

second exception,[17] arguing that there is now significant evidence of an assault by prison guards in the form of government admissions.

The court finds that the cited evidence is neither newly discovered nor significant. The assaults claimed in the Texas lawsuit allegedly occurred on September 26, 2017, and November 1, 2017—in both instances a full three years before this court revoked defendant's supervised release in 2020. The defendant could have presented evidence about the alleged assaults (whether in the form of his own testimony or by subpoena directed to the government) at the time of the resentencing, but chose not to do so.

Further, the government "admissions" which defendant now cites as showing the conditions of his confinement,[18] are simply a few passages from the government's Answer in the Texas action which acknowledge some tangential aspects of his claims. For example, the government agrees that Galindo was in handcuffs when he was moved to a special housing unit. But it specifically denies any assault or other constitutional deprivation. None of the cited "admissions" in fact concede any violation of defendant's rights.

The defendant also points to the Texas court's January 2021 denial (in part) of the government's motion to dismiss.[19] But that order is not itself evidence, resting on the

---

[17] Dkt. 103, at 3 n. 1.

[18] Answer of United States, ¶¶ 14 16, 26, 31, 34, and 44.

[19] *Galindo v. United States*, No. 3:20-CV-00837-L, 2021 WL 310518, at *4 (N.D. Tex. Jan. 29, 2021).

familiar standard for a motion to dismiss under which the court was required to accept as true Galindo's allegations of a physical assault.[20]  There was nothing which would have prevented Galindo for making these claims when this court revoked his supervision in December 2020. Accordingly, the defendant has failed to present any significant new evidence, not previously available through due diligence, which would support an exception to the mandate rule.

IT IS ACCORDINGLY ORDERED this 20th day of July, 2021, that the defendant's Motion for Resentencing (Dkt. 98) is hereby denied.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[20] *Id*. at *4.